IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | ) | CIV. NO. 15-00480 DKW-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | FINDINGS AND |
| vs. | ) | RECOMMENDATION TO GRANT |
| | ) | PLAINTIFF'S MOTION TO |
| JEFFREY GOFF HAGAN, | ) | REMAND ACTION REMOVED |
| | ) | FROM THE CIRCUIT COURT OF |
| Defendant. | ) | THE THIRD CIRCUIT, STATE OF |
| | ) | HAWAII (DOC. 7) |
| | ) | |
| | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION
TO REMAND ACTION REMOVED FROM THE CIRCUIT COURT OF THE
THIRD CIRCUIT, STATE OF HAWAII (DOC. 7)

Before the Court is Plaintiff Bank of America, N.A.'s Motion to

Remand Action Removed from the Circuit Court of the Third Circuit, State of

Hawaii (Doc. 7).   After careful consideration of the Motion and the supporting

memoranda, and absent any opposition, the Court finds and recommends that the

Motion to Remand be GRANTED.[1]

Plaintiff contends that removal of this action was improper under the

Forum Defendant Rule and because no federal question jurisdiction exists.   The

Court agrees.

---

[1] The Court elects to decide this Motion without a hearing, pursuant to Local Rule 7.2(d).

I.      Diversity Jurisdiction and the Forum Defendant Rule

A civil action brought in a state court over which federal courts have original jurisdiction may be removed by the defendant to the appropriate district court.   28 U.S.C. § 1441(a).   "However, § 1441(b) imposes a limitation on actions removed pursuant to diversity jurisdiction:   'such actions shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'"   Spencer v. United States Dist. Court for the N. Dist. of Cal., 393 F.3d 867, 870 (9th Cir. 2004) (citing 28 U.S.C. § 1441(b)).   This limitation is known as the Forum Defendant Rule.   Id.

Removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court.   Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 940 (9th Cir. 2006).   "The need for such protection is absent, however, in cases where the defendant is a citizen of the state in which the case is brought."   Id.   "Within this contextual framework, the forum defendant rule allows the plaintiff to regain some control over forum selection by requesting that the case be remanded to state court."   Id.

In this case, Defendant states that he is "a citizen of the State of Hawaii."   (Notice of Removal at 2.)   Because this case was brought in Hawaii state court and Defendant is a citizen of Hawaii, removal of this case was improper

under the Forum Defendant Rule and diversity jurisdiction does not exist. See

Lively, 456 F.3d at 940; Spencer, 393 F.3d at 870.

> II.     Federal Question Jurisdiction

Defendant also asserts that this Court has federal question jurisdiction

over this case.  (Notice of Removal at 3.)   However, Plaintiff's Complaint alleges

only one state law claim for foreclosure.   "In general, there is no federal

foreclosure law; rather, state law serves as the law of decision in foreclosure

actions."   OneWest Bank, FSB v. Farrar, Civ. No. 12-00108 ACK-KSC, 2014 WL

5023472, at *5 (D. Haw. Oct. 8, 2014).   Because a federal question is not present

on the face of Plaintiff's Complaint, federal question jurisdiction is lacking.

## CONCLUSION

The Court finds that it lacks both diversity and federal question

jurisdiction over this case.   Consequently, the Court recommends that this action

be remanded to state court.   Accordingly, the Court finds and recommends that

Plaintiff's Motion to Remand Action Removed from the Circuit Court of the Third

Circuit, State of Hawaii (Doc. 7) be GRANTED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 14, 2016.



   /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Bank of America, N.A. v. Hagan, CIV. NO. 15-00480 DKW-BMK, FINDINGS AND
RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND ACTION
REMOVED FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT, STATE OF HAWAII
(DOC. 7).